# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK D. FONTROY, I,<br>        Plaintiff, | )<br>)<br>) |
| v. | )    C.A. No. 06-230 Erie<br>) |
| M. PAULA TOSKI, et al.,<br>        Defendants. | )<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that the motion for partial summary judgment filed by the DOC Defendants [Document # 60] be granted, and Plaintiff's retaliation and Eighth Amendment deliberate indifference claims should be dismissed for Plaintiff's failure to exhaust administrative remedies, and Defendant Kowalewski should be terminated from this case..

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act: (i) Plaintiff's claims against unnamed Defendants Jane Doe and Jane Hoe be dismissed because Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and said Defendants should be terminated from this case; and (ii) Plaintiff's claims against unserved Defendants Salameh, Rouser, and Cardenas, and unnamed Defendant John Doe, be dismissed as frivolous, and said Defendants should be terminated from this case.

The only claim that should remain in this case is Plaintiff's stayed legal mail claim against all remaining DOC Defendants.

### II.     REPORT

#### A.     Relevant Procedural History

On October 5, 2006, Plaintiff Derrick D. Fontroy, I, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed this

*pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Originally named as Defendants were: M. Paula Toski ("Toski"), Sara Hesley ("Hesley"), T. Riskus ("Riskus"), Rahel Heeter ("Heeter"), Raymond Sobina ("Sobina"), and Jeffrey Beard ("Beard").

On May 10, 2007, Plaintiff filed a supplemental complaint [Document # 20], adding as Defendants Michael J. Herbik ("Herbik"), Robert Tretinik ("Tretinik"), Christopher J. Meyer ("Meyer"), Nurse Ida Doe ("Doe"), and Harry Wilson ("Wilson").  Plaintiff later moved to discontinue his claims against Defendants Herbik, Tretinik, Meyer, and Doe, and said Defendants were terminated from this case by order dated September 20, 2007.

Plaintiff subsequently filed a second supplemental complaint on October 24, 2007 [Document # 36], adding as Defendants Michael Opperman ("Opperman"), Jack Loughry ("Loughry"), Gail Beers ("Beers"), M. Turner ("Turner"), "Good," Annette Kowalewski ("Kowalewski"), Mardi Vincent ("Vincent"), Jawad Salameh ("Salameh"), and two unnamed Defendants identified as "Jane Doe" and "Jane Hoe."  Defendants Toski, Hesley, Riskus, Heeter, Sobina, Beard, Wilson, Opperman, Loughry, Beers, Turner, Good, Kowalewski, and Vincent are all employed by the Pennsylvania Department of Corrections ("DOC") and are hereafter referred to collectively as "DOC Defendants."  Defendant Salameh is a physician under contract with the DOC to provide medical services to inmates at SCI-Forest, and has neither been served in this case, nor has any attorney entered an appearance on his behalf. Furthermore, unnamed Defendants Jane Doe and Jane Hoe have not been identified by name, nor have they been served in this matter.

In his Complaint, as supplemented, Plaintiff makes the following four legal claims: (i) the DOC Defendants opened and read his legal mail outside of his presence in violation of his First Amendment right to free speech and/or in retaliation for the exercise of his constitutional right to file grievances and lawsuits (Complaint at ¶¶ 2-4; Second Supplemental Complaint at ¶¶ 5, 9, 11); (ii) Defendants Beard, Toski, and Sobina transferred Plaintiff to SCI-Fayette in

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Laurel Highlands in Somerset, Pennsylvania.

2

retaliation for the exercise of his constitutional right to file grievances and lawsuits (Second Supplemental Complaint at ¶ 6); (iii) Defendants Heeter, Riskus, Beard, Toski, Sobina, Wilson, Jane Doe, Opperman, Turner, and Good confiscated and destroyed numerous boxes of Plaintiff's legal materials in retaliation for the exercise of his constitutional right to file grievances and lawsuits (Complaint at ¶ 1; Second Supplemental Complaint at ¶¶ 7, 10, 12); and (iv) Defendants Wilson, Kowalewski, Salameh, Jane Hoe, and Vincent were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, due to the allegedly faulty condition of the dialysis machines and weigh scales at SCI-Laurel Highlands. (First Supplemental Complaint at ¶¶ 2-3; Second Supplemental Complaint at ¶¶ 13-15).

On November 14, 2007, the DOC Defendants filed a motion to stay this Court's consideration of Plaintiff's legal mail claim [Document # 38] because the same claim is already being considered on appeal by the Third Circuit Court of Appeals in a class action in which Plaintiff is the lead plaintiff. See Fontroy, et al. v. Beard, Civil Action No. 07-2446. This motion was granted by Order dated December 3, 2007, and this Court's consideration of Plaintiff's legal mail claim remains stayed.

Subsequently, on July 9, 2008, this Court held a hearing with regard to Plaintiff's motion for temporary restraining order, preliminary injunction, expedited video conference, and immediate cautionary order [Document # 47], during which Plaintiff withdrew his retaliation claim regarding the alleged confiscation and/or destruction of his legal materials. (See Document # 69, Transcript of July 9, 2008 Hearing, at pp. 7-8). As a result, this Court noted that only two claims remain for disposition in this case: (i) retaliatory transfer and (ii) Eighth Amendment deliberate indifference.

In the meantime, by Order of this Court dated April 2, 2008, this case was consolidated with a substantially similar case that was filed by Plaintiff in the Johnstown division of this judicial district, at Civil Action No. 07-220 Johnstown, with this case surviving as the lead case. As a result, the following uncommon Defendants who were named in the Johnstown case were added as Defendants in the consolidated case: B. Rouser ("Rouser"), "Cardenas," and an unnamed Defendant identified as "John Doe." None of these consolidated Defendants have

3

been served with the Complaint in C.A. 07-220 Johnstown; however, the only claim against them is the retaliatory confiscation of legal materials claim that Plaintiff withdrew during the telephone hearing of July 9, 2008.

On July 17, 2008, the DOC Defendants filed a motion for partial summary judgment seeking dismissal of Plaintiff's retaliatory transfer and Eighth Amendment deliberate indifference claims, due to Plaintiff's failure to exhaust his administrative remedies with regard to such claims. [Document # 60]. Despite having had ample time to do so, Plaintiff has failed to file any response to this motion. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation

4

continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 2.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

5

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion
#### 1. Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis,

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

## 2.     Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[3] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development

---

[3]

There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

> of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

To exhaust the administrative remedies within the DOC's grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the DOC inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals ("DOC Secretary"). DC-ADM 804 VI(C)(1).

### 3.     **Exhaustion and Procedural Default Applied**

The DOC Defendants argue that Plaintiff's retaliatory transfer and Eighth Amendment deliberate indifference claims should be dismissed because Plaintiff failed to exhaust his administrative remedies. With regard to Plaintiff's retaliatory transfer claim, Defendants have submitted a copy of Grievance #183181, which they have identified as the only grievance Plaintiff filed that mentions his belief that his transfer to SCI-Fayette was made in retaliation for "his legal activities." (See Document # 60, Exhibit 1). However, Defendants argue that this

8

grievance does not specifically grieve the retaliatory nature of his transfer but, instead, focuses on his claim that his "core legal and/or personal properties [had not] been inventoried and furnished in accordance with [DOC] policies..." (Id.). Nevertheless, Defendants contend that, even if this grievance could be interpreted as grieving a retaliatory transfer as claimed in this case, Plaintiff did not properly exhaust the grievance. In support of this argument, Defendants have submitted the Declaration of Dorina Varner, the DOC's Assistant Chief of Grievances and Appeals ("Varner"), who certifies that:

> 4. At the request of the Office of Attorney General, I have reviewed [all grievance appeal] records and found that Derrick Fontroy, AY-7513 did not timely file for final appeal concerning Grievance # 183181 within the prescribed 15 working days. In fact, this grievance was dismissed as being untimely without including any reason for the delay.
>
> 5. Furthermore, no grievance specifically grieving Inmate Fontroy's transfer to SCI-Fayette as retaliatory in nature, has been filed by Inmate Fontroy.

(Document # 60, Exhibit 2 at ¶¶ 4-5). Plaintiff has not submitted any evidence to contradict this declaration. As a result, it is clear from the record that Plaintiff has failed to exhaust his administrative remedies with regard to his retaliatory transfer claim.

Second, with regard to Plaintiff's Eighth Amendment deliberate indifference claim, Defendants again rely on Varner's Declaration to support their argument that Plaintiff failed to exhaust his administrative remedies. In particular, Varner certifies that:

> 6. Likewise, Inmate Fontroy has not filed a grievance grieving the adequacy of his medical care due to the condition of the dialysis machines and weigh scales at SCI-Laurel Highlands.

(Document # 60, Exhibit 2 at ¶ 6). Since Plaintiff has not provided any contradictory evidence, it is apparent that Plaintiff has also failed to exhaust his administrative remedies with regard to his Eighth Amendment deliberate indifference claim. In addition, since the challenged events in this case occurred prior to October 24, 2007, being the date of Plaintiff's Second Supplemental Complaint, Plaintiff's retaliatory transfer and deliberate indifference claims have been procedurally defaulted. Accordingly, such claims are not properly before this Court and must be dismissed. Furthermore, since the only claim against DOC Defendant Kowalewski is Plaintiff's

unexhausted deliberate indifference claim, Defendant Kowalewski should be dismissed from this case.

### D. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[4]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure

---

[4]

Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

10

12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

### 1. Unnamed Defendants Jane Doe and Jane Hoe

As noted previously, unnamed Defendants Jane Doe and Jane Hoe have never been properly identified or served in this case, nor has either of them had an attorney enter an appearance on her behalf.  The latest date on which one or both were named as Defendant(s) in this case was October 24, 2007, the date on which Plaintiff's Second Supplemental Complaint was filed.  More than a year has passed since such time.  As a result, unnamed Defendants Jane Doe and Jane Hoe should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the latest date on which they were named as Defendants in this case.

### 2. Defendants Salameh, Rouser, Cardenas, and John Doe

Defendants Salameh, Rouser, Cardenas, and John Doe were also never served in this case and/or in the member case at C.A. 07-220 Johnstown.  Nevertheless, the only claim asserted against Defendant Salameh is Plaintiff's Eighth Amendment deliberate indifference claim that has already been found unexhausted, while the only claim asserted against Defendants Rouser, Cardenas, and John Doe is Plaintiff's retaliation claim based upon the alleged confiscation and destruction of legal materials, which Plaintiff has voluntarily withdrawn.  As a result, there is no need to have Defendants Salameh, Rouser, Cardenas, and John Doe served in this case, as the claims against them have either been recommended for dismissal or voluntarily withdrawn.  As such, the claims against these Defendants should be dismissed as frivolous, and said Defendants should be terminated from this case.

### III. CONCLUSION

It is respectfully recommended that the motion for partial summary judgment filed by the

DOC Defendants [Document # 60] be granted, and Plaintiff's retaliatory transfer and Eighth Amendment deliberate indifference claims should be dismissed for Plaintiff's failure to exhaust administrative remedies, and Defendant Kowalewski should be terminated from this case..

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act: (i) Plaintiff's claims against unnamed Defendants Jane Doe and Jane Hoe be dismissed because Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and said Defendants should be terminated from this case; and (ii) Plaintiff's claims against unserved Defendants Salameh, Rouser, and Cardenas, and unnamed Defendant John Doe, be dismissed as frivolous, and said Defendants should be terminated from this case.

The only claim that should remain in this case is Plaintiff's stayed legal mail claim against all remaining DOC Defendants.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 30, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge