# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK D. FONTROY, I,** | ) | |
| **Plaintiff** | ) | **C.A. No. 06-230 Erie** |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| **M. PAULA TOSKI, et al.,** | ) | **Chief Magistrate Judge Baxter** |
| **Respondents** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's remaining claim challenging the Pennsylvania Department of Corrections' mail policy be dismissed based on the doctrine of *res judicata*, and that this case be closed.

### II.    REPORT

#### A.     Relevant Procedural and Factual History

On October 5, 2006, Plaintiff Derrick D. Fontroy, I, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Originally named as Defendants were: M. Paula Toski ("Toski"), Sara Hesley ("Hesley"), T. Riskus ("Riskus"), Rahel Heeter ("Heeter"), Raymond Sobina ("Sobina"), and Jeffrey Beard ("Beard").

On May 10, 2007, Plaintiff filed a supplemental complaint [Document # 20], adding as Defendants Michael J. Herbik ("Herbik"), Robert Tretinik ("Tretinik"), Christopher J. Meyer ("Meyer"), Nurse Ida Doe ("Doe"), and Harry Wilson ("Wilson").  Plaintiff later moved to discontinue his claims against Defendants Herbik, Tretinik, Meyer, and Doe, and said Defendants

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Laurel Highlands in Somerset, Pennsylvania.

were terminated from this case by order dated September 20, 2007.

Plaintiff subsequently filed a second supplemental complaint on October 24, 2007 [Document # 36], adding as Defendants Michael Opperman ("Opperman"), Jack Loughry ("Loughry"), Gail Beers ("Beers"), M. Turner ("Turner"), "Good," Annette Kowalewski ("Kowalewski"), Mardi Vincent ("Vincent"), Jawad Salameh ("Salameh"), and two unnamed Defendants identified as "Jane Doe" and "Jane Hoe." Defendants Toski, Hesley, Riskus, Heeter, Sobina, Beard, Wilson, Opperman, Loughry, Beers, Turner, Good, Kowalewski, and Vincent are all employed by the Pennsylvania Department of Corrections ("DOC") and are hereafter referred to collectively as "DOC Defendants."

On January 30, 2009, District Judge Sean J. McLaughlin entered a Memorandum Order [Document # 71] adopting this Court's Report and Recommendation [Document # 70] and dismissing all claims in this case, with the exception of Plaintiff's claim that the DOC Defendants opened and read his legal mail outside of his presence in violation of his First Amendment right to free speech. Consideration of this claim was stayed by this Court on December 3, 2007, because the same claim was already being considered on appeal by the Third Circuit Court of Appeals in a class action in which Plaintiff was the lead plaintiff. See Fontroy, et al. v. Beard, Appeal No. 07-2446 ("class action case").

On March 13, 2009, the DOC Defendants filed a Notice of Third Circuit Decision advising this Court that the Third Circuit issued a decision in the class action case, finding that the DOC's mail policy does not violate inmates' First Amendment rights. Fontroy, et al. v. Beard, 2009 WL 593844 (3d Cir. Mar. 10, 2009). [Document # 72]. After receipt of Defendants' Notice, this Court issued an Order on March 17, 2009, directing Plaintiff to show cause by April 6, 2009, as to why this case should not be dismissed in light of the Third Circuit Court's decision upholding the constitutionality of the DOC's mail policy. [Document # 73]. To date, Plaintiff has failed to show cause in accordance with said Order.

**B.     Discussion**

The doctrine of claim preclusion, traditionally known as *res judicata*, "... generally refers

to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Generally, claim preclusion requires a final judgment on the merits in a prior suit involving the same parties, and a subsequent suit based on the same cause of action. Kean v. Adler, 2003 WL 21205885, *6 (3d Cir. 2003), citing General Electric Co. v. Deutz Ag, 270 F.3d 144, 158 (3d Cir.2001). That is precisely the case here. In this case, Plaintiff is challenging the constitutionality of the DOC's mail policy in the same manner as he did in the class action case in which he was the lead plaintiff. Since the constitutionality of the mail policy has been upheld by the Third Circuit, Plaintiff is precluded from having the identical claim relitigated here. As a result, Plaintiff's remaining claim challenging the DOC's mail policy should be dismissed based on the doctrine of *res judicata*.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's remaining claim challenging the Pennsylvania Department of Corrections' mail policy be dismissed based on the doctrine of *res judicata*, and that this case be closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated: May 19 , 2009

cc:    The Honorable Sean J. McLaughlin
       United States District Judge